FILED

2024 Dec-10  PM 02:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

## 83UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **WILLIAM COONROD,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No.:  5:24-cv-1685-LCB** |
| | ) | |
| | ) | |
| **GREG S., *et al*.,** | | |
| | | |
| **Defendants.** | | |

## <u>MEMORANDUM OPINION</u>

Before the Court is William Coonrod's motion for leave to proceed *in forma pauperis*, in which he seeks leave to file this lawsuit without the prepayment of fees and costs.  (Doc. 2).  Coonrod's affidavit of indigency supports a finding that his motion is due to be granted pursuant to 28 U.S.C. § 1915(a).  However, for the reasons that follow, this case is due to be dismissed without prejudice under § 1915(e)(2)(B), because his complaint fails to state a claim for which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

Coonrod, proceeding pro se, initiated this action by filing a complaint using the Court's standard form entitled "Complaint for a Civil Case."  Coonrod did not

check any of the boxes under the section entitled "Basis for Jurisdiction," but did list the defendants as employees of the Veterans Affairs Administration.  (Doc. 1 at 3).

Coonrod's complaint consists of an attached letter addressed to "Birmingham VAMC ATTN: Dr. Oladipo Kukoyi."  *Id.* at 8.  The letter is difficult to follow but appears to detail Mr. Coonrod's negative experience in attempting to get mental health care at the VA hospital in Birmingham.  He is clearly frustrated by his interactions with various staff members and medical professionals at the VA, but nowhere in the letter does he lay out any causes of action or provide any facts that would support a cognizable legal theory.  In the "Statement of Claim" section of the complaint form, Coorod wrote:

> Retaliation that I file complaints and stop mental therapy could have just said you was not going to approve any more for what ever reason would been better than having me in a bad mental state of mind keep thinking why I can not get help when now I know better over 23 months of mental abuse for no reason.

*Id.* at 5.  In the section directing the plaintiff to describe the relief they are seeking, Coonrod stated: "Policy for mental therapy to know how to get quality of mental health treatment approve.  Information given to Veterans Affairs for compensation claim file for PTSD claim."  *Id.*  As in his attachment, Coonrod did not specify any particular cause of action, nor did he cite any statute under which he is seeking relief.

Title 28 U.S.C. § 1915(e)(2) requires a federal court to dismiss an action filed by a plaintiff proceeding *in forma pauperis* if it: (1) is frivolous or malicious, (2)

fails to state a claim upon which relief may be granted, or (3) seeks monetary damages from a defendant who is immune from such relief.  The purpose of section 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  A dismissal pursuant to section 1915(e)(2) may be issued sua sponte by the court prior to the issuance of process so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints.  *Id*.

Dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted is governed by the same standard as dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(a).  As such, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[T]o state a plausible claim for relief, the plaintiff[ ] must plead 'factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co*., 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

The Court recognizes that Coonrod is appearing pro se, that filings by pro se litigants are to be more leniently construed, and that such litigants are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); *Evans v. Ga. Reg'l Hosp*., 850 F.3d 1248, 1253 (11th Cir. 2017) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). However, notions of leniency do not excuse a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998). Nor does this leniency require or allow courts "to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Furthermore, a district court is not required to grant leave to amend when an amendment would prove futile. *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020) ("Leave to amend would be futile if an amended complaint would still fail at the motion-to-dismiss or summary-judgment stage.") (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

As noted above, Coonrod's complaint consists of nothing more than a letter detailing his frustrations in attempting to obtain treatment at the VA. Even construing his filing liberally, as the Court is required to do with pro se pleadings, the Court can discern no facts that would support a cause of action against the defendants. As such, Coonrod has failed to state a claim for which relief can be granted.

Coonrod also checked a box on his *in forma pauperis* affidavit indicating his desire to be appointed counsel. (Doc. 2 at 3). The Court notes that on the last page of the same form, Coonrod indicated that he had not attempted to talk with an attorney about his case. Nevertheless, the Court does not find cause to appoint counsel in this case.

"A civil litigant ... has no absolute constitutional right to the appointment of counsel." *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992)(internal citations and quotations omitted). A court, however, has broad discretion under 28 U.S.C. § 1915(e)(1) to appoint counsel for an indigent litigant. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). "The appointment of counsel is ... a privilege that is justified only by exceptional circumstances ..." *Dean*, 951 F.2d at 1216 (internal citations and quotations omitted)(emphasis added). In deciding whether legal counsel should be appointed, courts should consider, among other things, the following factors: (1) whether the factual and legal issues are novel or complex; (2) the plaintiff's ability

to adequately present his case; (3) the plaintiff's position to adequately investigate his case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). Having reviewed Coonrod's complaint, the Court does not find that any of these exceptional circumstances exist.

For the foregoing reasons, Coonrod's motion for leave to proceed *in forma pauperis* (Doc. 3) is **GRANTED** insofar as it seeks waiver of the filing fee but is **DENIED** insofar as it requests the appointment of counsel. However, this case is **DISMISSED WITHOUT PREJUDICE** under § 1915(e)(2)(B) because the complaint fails to state a claim upon which relief may be granted. The Clerk is directed to close this case.

**DONE** and **ORDERED** December 10, 2024.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE